**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JHON ANGEL SULBARAN GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03251-TLP-cgc |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jhon Angel Sulbaran Gonzalez, a noncitizen detained in the Western District of Tennessee, petitions pro se for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.) Respondent responded. (ECF No. 8.) Petitioner did not reply. For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

## BACKGROUND

Petitioner is a noncitizen who challenges the legality of his detention. (ECF No. 2 at PageID 7, 10.) After Petitioner arrived in the United States, no immigration officer admitted or paroled him after inspection. (ECF No. 8-1 at PageID 51.) In 2025, Petitioner was served with a Notice to Appear, which alleged that he was removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act and which ordered him to appear in immigration court. (*Id.*)

According to Respondent, immigration officials detained Petitioner during the execution of a narcotics search warrant. (ECF No. 8 at PageID 47.) Since then, Petitioner has been in

custody at the West Tennessee Detention Center. (*Id.* at PageID 48; *see also* ECF No. 2 at PageID 10.)

Petitioner challenges his detention and requests immediate release from immigration officials' custody. (ECF No. 2 at PageID 11.) He has not exhausted his administrative remedies or explained why. (*Id.* at PageID 3–6.) Respondent argues that the Court should dismiss the Petition because Petitioner has failed to exhaust his remedies. (ECF No. 8 at PageID 48.)

## ANALYSIS

Federal courts must require administrative exhaustion where Congress "specifically mandates" it. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But when, as here, no statute mandates exhaustion, whether to require exhaustion of administrative remedies lies within "sound judicial discretion." *See id.*

In exercising that discretion, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146; *see Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation."). The institutional interests relevant here are "protecting administrative agency authority and promoting judicial efficiency." *McCarthy*, 503 U.S. at 145.

At times, the interest of the individual weighs heavily against the institutional interests at stake. One example is when an "unreasonable or indefinite timeframe for administrative action" creates "undue prejudice." *Id.* at 146–47. Another is when administrative remedies are inadequate because an agency is not "empowered to grant effective relief." *Id.* at 147 (citation modified). Moreover, "an administrative remedy may be inadequate where the administrative

body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 148. A court may also waive exhaustion when pursuing administrative remedies would be futile. *Shearson v. Holder*, 725 F.3d 588, 594 (6th Cir. 2013).

It is true that this Court has excused exhaustion for some noncitizens challenging their detention before ruling on their petitions. That was before the Sixth Circuit's decision in *Lopez-Campos*. *See Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). In those cases, administrative exhaustion was futile. *See, e.g.*, *Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *4 (W.D. Tenn. Dec. 19, 2025).

But the Court now doubts that approach given the Sixth Circuit's ruling in *Lopez-Campos* and Respondent's commitment to apply its holding in the many habeas cases the Court considers each week. *Soto-Vieyra v. Bullock*, No. 2:26-cv-03009-TLP-TMP, 2026 WL 2634138, at *2 (W.D. Tenn. Sept. 8, 2026). And given these developments, the Court finds it more appropriate to abide by "the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." *McCarthy*, 503 U.S. at 144–45; *see also Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent attempt to sidestep the BIA appeals process in favor of habeas review highlights the need for an exhaustion requirement here to protect agency authority, limit interference with agency affairs, and promote judicial efficiency.").

For these reasons, the Court concludes that Petitioner must exhaust his available administrative remedies before seeking federal judicial intervention.

## CONCLUSION

Because Petitioner failed to exhaust his administrative remedies, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 13th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE